# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DEVANNA ORTEGA,**

    **Plaintiff,**

vs.                                                             Civ. No. 05cv1019 RLP/WPL

**MESA VISTA CONSOLIDATED SCHOOLS,**
**BOARD OF EDUCATION, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DISMISSING COUNTS I and II AS TO THE INDIVIDUAL DEFENDANTS
## DISMISSING ANY CLAIM MADE FOR PUNITIVE DAMAGES
## DISMISSING PORTIONS OF COUNTS I AND II AS TO NON-INDIVIDUAL
## DEFENDANTS and
## DISMISSING COUNTS IV and V.

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (Docket No. 26).

### Standards For Motion To Dismiss For Failure To State A Claim

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers., Inc., 130 F.3d 1381, 1384 (10th Cir .1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir.1987). The issue in reviewing the sufficiency of plaintiff's complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support her claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of her claims, she must plead minimal factual allegations on those

material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).

Allegations of the Complaint

Plaintiff was employed in 2002-2003 by the Mesa Vista Consolidated Schools as Director of Bilingual Education, Content Standards Administrator, Director of Safety and Principal at Ojo Caliente Elementary School, Mesa Vista Consolidated Schools.[1] Her contract for the following year was not renewed.[2]

Plaintiff alleges that Defendant Viola Lopez, superintendent of the Mesa Vista Consolidated Schools subjected her to an intimidating and hostile work environment by finding fault with her work and failing to provide her with proper and necessary direction and supervision.[3] Dr. Lopez recommended that Plaintiff be terminated; however Plaintiff was instead reassigned, at her own request, to an elementary school teaching position for 2003-2004.[4]

Plaintiff contends that Dr. Lopez' actions, which were condoned and approved by the Mesa Vista Consolidated School Board Members [Defendants Andy Lopez, Steve Archuleta, Joe Trujillo, and Alfonso Chacon][5], amounted to a breach of express, written or implied contract [Count I], breach of the covenant of good faith and fair dealing [Count II], violation of her right to equal protection under the Fourteen Amendment pursuant to 42 U.S.C.A.1983 [Count III], violation of her right to substantive and procedural due process under the Fourteenth Amendment pursuant to 42 U.S.C.A.

---

[1]Complaint, ¶ 1.

[2]Complaint, ¶49.

[3]Complaint ¶ 12.

[4]Complaint ¶ 21.

[5]Complaint ¶23.

§1983 [Count IV], and wrongful discharge [Count V].

Defendants seek dismissal of Plaintiff Complaint pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## Uncontested Matters

Plaintiff concedes that she has failed to state a claim against the individually named defendants regarding her claims of breach of contract and breach of implied covenant of good faith and fair dealing. Accordingly, Counts I and II are dismissed as to Defendants Viola Lopez, Andy Lopez, Steve Archuleta, Joe Trujillo, and Alfonso Chacon.

Plaintiff concedes to dismissal of her claim for punitive damages.[6] Accordingly, any claim for punitive damages is dismissed.

## **Analysis**

### **Count I - Contract**

As a public school administrator, Plaintiff was required to have a written contract of employment[7], and Plaintiff has cited to this contract in her Response brief[8]. The actual contract is not before the court. Plaintiff has alleged that her contract was not *renewed* for a second year[9], therefore a reasonable inference from the allegations of her complaint is that the term of the contract at issue

---

[6]Plaintiff's Complaint does not specifically seek punitive damages. It does, however, allege that actions by Defendants were "intentional, malicious and willful and/or in wanton, reckless and in blatant disregard" of her rights (Complaint ¶38), "spiteful" (Complaint ¶39), and "intentional, malicious and . . . without any valid reason." (Complaint ¶ 51).

[7]N.M.S.A. 1978, §22-10-11, recompiled 2003 as N.M.S.A. 1978, §22-10A-21 (A).

[8]Docket No. 31, p. 3.

[9]Complaint, ¶49.

3

was for one year. This is consistent with the dictates of the New Mexico School Personnel Act[10] and Plaintiff has not argued otherwise.

Plaintiff bases her breach of contract claim on her contract with Defendant Mesa Vista Consolidated Schools as well as "School Policy."[11] She alleges that the contract and policy included a written, express and/or implied agreement to provide her "with a work environment free from hostility, retaliation and/or harassment," which agreement was breached by harassment and intimidation regarding her duties and responsibilities, by the unfounded negative work evaluation given by Defendant Viola Lopez and by denying her a principal's contract for a second year.[12]

A promise, whether written, express or implied, to provide a work environment free from hostility, retaliation and/or harassment is so vague and indefinite, that it can not constitute a contract. Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1465 (10th Cir. 1994); Dupree v. United Parcel Serv. Inc., 956 F.2d 219, 222-23 (10th Cir. 1992); Anderson v. Boeing Co., 222 F.R.D. 521, 550-551 (N.D. Okla. 2004).

There was no contract to employ Plaintiff in an administrative position for more than one year, and pursuant to New Mexico Law, Plaintiff had no implied promise of re-employment in an administrative position. N.M.S.A. 1978, §22-10-11(E), recompiled at N.M.S.A. 1978 §22-10A-

---

[10]"contracts not to exceed three years are permitted for certified school administrators in public schools who are engaged in administrative functions for more than one-half of their employment time . . . N.M.S.A. 1978 §22-10-11(B)(4), recompiled 2003 as N.M.S.A. 1978 §22-10A-21(B)(4).

[11]No document denominated "School Policy" is before the court, and Plaintiff does not cite to or quote from a discrete document.

[12]In her Response Brief, Plaintiff cites to cases stating that provisions in personnel manuals may support an implied contract of employment. (Docket No.31, p. 3). Her Complaint, however, does not cite to or refer to a personnel manual. Accordingly, reliance on any such manual is not part of Plaintiff's claim for the purposes of this motion.

21(E).

All that remains is whether the evaluation of Plaintiff's work, if arbitrary, capricious, unsubstantiated and a sham as alleged, breached Plaintiff's employment contract. Without the contract before me, I can not determine whether any contractual obligation attached to evaluations performed regarding Plaintiff's work.

### Count II- Implied Covenant of Good Faith and Fair Dealing

Plaintiff's contract of employment imposed upon her and her employer a duty of good faith and fair dealing which required that neither do anything to injure the rights of the other to receive the benefit of their agreement.[13] Bourgeous v. Horizon Health Care Corp., 117 N.M. 434, 438-439 (1994). Because a portion of Plaintiff's breach of contract claim survives, so does her claim for breach of implied covenant of good faith and fair dealing. Accordingly, I find that she has stated a claim upon which relief can be granted for breach of implied covenant of good faith and fair dealing as it applies to the work evaluation she received.

### Count III - Equal Protection

Plaintiff alleges that she was denied Equal Protection because Defendants treated her "differently than similarly situated individuals by denying her procedural and substantive due process rights to continue in her capacity as Principal of Ojo Caliente Elementary School."[14] Although Plaintiff appears to define her Equal Protection claim by her Due Process claims, the court will infer that she meant to assert in independent claim for Equal Protection.

---

[13] The covenant of good faith and fair dealing is inapplicable to at-will employees. Bourgeous v. Horizon Health Care Corp., 117 N.M. 434, 438-439 (1994) Although not addressed by the parties, the court will assume for the purposes of analyzing Count II, that Plaintiff was not an at-will employee.

[14] Complaint, ¶ 37.

Plaintiff argues that she is in a "class of one" for the purposes of evaluating her Equal Protection claim. The elements of a class of one claim are that a plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam).[15] Plaintiff's Complaint does not identify any individual with whom she was similarly situated, and although she does not allege that her treatment was without rational basis, she does allege that it was unrelated to any legitimate state objective.[16] Defendants argue that Plaintiff's failure to identify other individuals which whom she was similarly situated is fatal to her Equal Protection claim. The question before the court is whether Plaintiff has asserted facts sufficient to state an Equal Protection claim under the class-of-one theory.

There is no heightened pleading requirement for civil rights claims under 42 U.S.C.A. §1983. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 168 (1993) (finding it "impossible to square" a heightened pleading standard for §1983 claims with the liberal system of notice pleading set up by the Federal Rules). As the Supreme Court has noted:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

Id. at 168 (quoting Conley v. Gibson, 355 U.S. at 47).

---

[15] The Tenth Circuit has held that, to prevail on such a claim, a plaintiff must show (a) "that the action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to get [plaintiff] for reasons wholly unrelated to any legitimate state objective," and (b) that the plaintiff "was treated differently than another who is similarly situated." Bartell v. Aurora Pub. Sch., 263 F.3d 1143, 1149 (10th Cir.2001) (quotations and citations omitted).

[16] Complaint ¶39.

6

Based on these liberal pleading requirements and the information before me in Plaintiff's Complaint, I am unable to find that beyond doubt Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Accordingly, Defendants' Motion to Dismiss Count III of Plaintiff's Complaint will be denied.

### Count IV - Due Process

Plaintiff asserts that she was deprived of both procedural and substantive due process.

> [P]rocedural due process ensures that a state will not deprive a person of life, liberty or property" without employing 'fair procedures; substantive due process, on the other hand, guarantees that the state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures used.

Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir.1998) (quoting Archuleta v. Colorado Dep't of Insts., Div. of Youth Servs., 936 F.2d 483, 490 (10th Cir.1991) (alteration in Archuleta )). The "standard for the existence of a property right in employment is whether the plaintiff has a legitimate expectation of continued employment." Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998). As stated in Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."

### A. Substantive Due Process

Plaintiff's substantive due process claim is based on her allegation that the actions of Defendants caused her to be terminated after one year from her administrative job at Ojo Caliente Elementary School.

Tenth circuit precedent has not clearly delineated what specific property interests in

7

employment are fundamental, and therefore protected by the doctrine of substantive due process. Hennigh v. City of Shawnee, 155 F.3d 1249, 1257 (10th Cir.1998). "In general, we look to state law to determine whether a property interest in employment exists." Clanger v. New Mexico Highlands Univ., 215 F.3d 1162, 1167 (10th Cir. 2000).

Plaintiff's position with the Defendant Mesa Vista Consolidated Schools was not as a teacher, but as an administrator. As such, she had no tenure rights, Swinney v. Deming Board of Education, 117 N.M. 492, 493 (1994), "no legitimate objective expectancy of re-employment" as an administrator, and no implied contract for re-employment. Id., Naranjo v. Board of Education of the Espa?ola Public Schools, 119 N.M. 401, 403-404 (N.M. 1995), citing N.M.S.A. §22-10A-21(E) (2004); Cole v. Ruidoso Mun. Schools, 947 F.2d 903, 906 (10th Cir. 1991) (New Mexico law affords no procedural protections for the nonrenewal of a school administrator's contract).

Plaintiff had no property interest in continued employment as a school administrator to which the protection of substantive due process could attach. She was not deprived of employment as a teacher. Accordingly, she has failed to state a claim for substantive due process upon which relief can be granted.

**B. Procedural Due Process**

Procedural due process also requires that the individual asserting that right have a protected property interest. Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 577 (10th Cir.1996) ("To assess whether an individual was denied procedural due process, district courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." (citations and internal quotation marks omitted)). The question whether a plaintiff had a protected property

interest is determined by state law.  Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Casias v. City of Raton, 738 F.2d 392, 394 (10th Cir.1984).

Plaintiff's procedural due process claim suffers from the same shortcoming as her substantive due process claim.  New Mexico Law dictates that she had no constitutionally protected property interest in continued employment as a school administrator.  Further, she was not terminated as an employee, and was hired for the 2003-2004 school year as a teacher.[17]  Accordingly, she has failed to state a claim for procedural due process upon which relief can be granted.

Based on the foregoing, the court finds that Plaintiff can prove no set of facts in support of her claim for violation of her rights to substantive and procedural due process.  Therefore Count IV of Plaintiff's Complaint will be dismissed.

### Count V - Wrongful Discharge

Count V of Plaintiff's Complaint is titled "Wrongful Discharge in Violation of Public Policy." This cause of action is otherwise known as  retaliatory discharge (See New Mexico U.J.I. 13-2304), and is considered a tort.  Silva v. American Federation of State, County And Municipal Employees,131 N.M. 364, 367 (2001).

Defendants are public employees.  N.M.S.A. 1978 §22-15-1 et seq.  As such, they have immunity from tort liability while acting within the scope of their duties, unless immunity has been waived by some provision of the New Mexico Tort Claims Act.  N.M.S.A. 1978. §41-4-4, §41-4-17(A).   The areas for which immunity is waived in the New Mexico Tort Claims Act are specific, and do not include retaliatory discharge.

---

[17]Complaint, ¶21.

In her Response Brief, Plaintiff concedes that this claim will not stand independently.[18] She argues that this claim survives because it is coupled with her breach of contract and/or breach of implied covenant of good faith and fair dealing claims. Plaintiff's argument is unavailing. If an employee has protection either because of employment contract or through another cause of action, the tort of retaliatory discharge is unnecessary and will not be recognized. Salazar v. Furr's Inc., 629 F.Supp. 1403 (D.N.M.1986). Therefore, Plaintiff can not salvage a groundless retaliatory discharge claim by attempting to tack it onto a breach of contract or breach of implied covenant of good faith and fair dealing claim.

Finally Plaintiff argues that this Count V states a claim for prima facie tort. Prima facie tort is not included in the specific waiver provisions of the Tort Claims Act. See N.M.S.A. 1978 §§ 41-4-5 to -12; Derringer v. State of New Mexico, 133 N.M. 721,725, 68 P.3d 961, 965 (Ct. App. 2003), cert. denied, 133 N.M. 727, 69 P.3d 237(2003). Plaintiff can not state a claim for prima facie tort upon which relief can be granted.

## **Conclusion**

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Counts I and II of the Complaint -Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing, respectively, are Dismissed as to Defendants Viola Lopez, Andy Lopez, Steve Archuleta, Joe Trujillo, and Alfonso Chacon for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff's claim for punitive Damages is dismissed for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED, ADJUDGED and DECREED Count I - Breach of Contract

---

[18] Docket No. 31, p. 9.

and Count II - Breach of the Covenant of Good Faith and Fair Dealing are dismissed for failure to state a claim upon which relief can be granted, EXCEPT FOR that portion of Counts I and II pertaining to Plaintiff's job evaluation.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Count IV of the Complaint - Violation of Due Process, is Dismissed as to all Defendants for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED ADJUDGED and DECREED that Count V of the Complaint - Wrongful Discharge in Violation of Public Policy, is dismissed for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

RICHARD L. PUGLISI
United States Magistrate Judge
(sitting by designation)

11