IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEVANNA ORTEGA,

    Plaintiff,

vs.                                                                                      Civ. No. 05cv1019 RLP/WPL

MESA VISTA CONSOLIDATED SCHOOLS,
BOARD OF EDUCATION, et al.,

    Defendants.

## Memorandum Opinion and Order
## Granting Defendants' Motion for Summary Judgment

This matter comes before the court on Defendants' Motion for Summary Judgment filed June 30, 2006. (Docket No. 36). The Motion is fully briefed and ready for resolution.[1] After careful consideration of the pertinent law, pleadings and exhibits, I conclude that Defendants' Motion is well taken and should be granted.

## Undisputed Facts

Plaintiff resides in Española, New Mexico, and worked for the Española School District from approximately 1987 to 2000. This employment involved year-to-year written contracts between Plaintiff and the District, and Plaintiff is familiar with how public school districts provide employees with employment contracts on a year-to-year basis. [Undisputed Facts 1-4].

Plaintiff left her position with the Española School District during the 2000-2001 school year because her daughter was attending high school at Mesa Vista High School, Plaintiff's husband's

---

[1] The court has previously entered its Memorandum Opinion and Order Dismissing for Failure to State a Claim Upon Which Relief Can Be Granted: Counts I and II (Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing) as to the individual Defendants, Count IV (Violation of Substantive and Procedural Due Process) as to all Defendants, and Count V (Wrongful Discharge in Violation of Public Policy) as to all Defendants. [Docket No. 43].

alma mater. Plaintiff found it easier to work in the Mesa Vista School District, because she had to provide transportation to and from school for her daughter. [Undisputed Facts 6-9].

Plaintiff was offered a job as a Sixth Grade instructor by Defendant Mesa Vista Consolidated Schools for the 2000-2001 school year on September 13, 2000. She accepted this job offer on September 19, 2000. This offer of employment was expressly provided, and Plaintiff understood, that she could be re-assigned to various positions if the need arose. [Undisputed Facts 10-14].

Plaintiff was offered a one year contract by Mesa Vista Consolidated Schools for the 2001-2002 school year on April 27, 2001, for employment as a Sixth Grade instructor. This offer reiterated, and Plaintiff understood, that she could be reassigned if the need arose. [Undisputed Facts 15-17].

Plaintiff was reassigned from her teaching position to the position of Director of Bilingual Education/Other assigned State and Federal Programs/Instructional Programs and Special Education. The reassignment was effective November 27, 2001, and recorded in a memorandum to Plaintiff dated December 7, 2001. Plaintiff admits that this reassignment was in keeping with the reassignment provision of her offer of employment by Mesa Vista Consolidated Schools. [Undisputed Facts 18-20].

This position was the first administrative position held by Plaintiff, and she sought guidance from the State Department of Education in order to complete her duties. She did not seek assistance from any employees at the school or from then school superintendent, Nelson Gonzales. [Undisputed Facts 21-23].

On April 16, 2002, Plaintiff was offered re-employment in this administrative position for the 2002-2003 school year. Plaintiff was informed that this offer was subject to reassignment.

[Undisputed Facts 24-25].

Defendant Viola Lopez became superintendent of the Mesa Vista Consolidated Schools in the Fall of 2002. [Undisputed Fact 26].

In December 2002 Plaintiff was reassigned from the position of Director of Bilingual Education/Other assigned State and Federal Programs/Instructional Programs and Special Education to Principal, a position she wanted. and had obtained an administrative certificate to pursue. Her contract for the Principal position was for the 2002-2003 school year. [Undisputed Facts 37-38, 42].

Plaintiff believes she was micro-managed by Defendant Viola Lopez. Plaintiff does not recall submitting any written documentation to Defendant Viola Lopez regarding this alleged conduct, and did not approach Defendant Board of Education at any meeting regarding her working relationship with Defendant Lopez. [Undisputed Facts 27-29]. Felix Gonzales, a Principal at Mesa Vista High School told Plaintiff he believed he was micro-managed by Defendant Lopez. Plaintiff believes that Defendant Lopez didn't like first grade teacher June Archuleta, because Defendant Lopez was continuously trying to find something wrong with Ms. Archuleta's work ethic and classroom work. Plaintiff believes that Defendant Lopez micro-managed five other teachers. [Undisputed facts 26, 34-36].

Plaintiff believed Defendant Lopez was calling her at home inappropriately to determine if she would be reporting to work. Plaintiff believes these calls were made three-four times a month, but can't recall the number of months the calls were made. Plaintiff's husband told Defendant Lopez to stop calling Plaintiff at home. Plaintiff did not report to the Defendant Board of Education that


Defendant Lopez was calling her at home.[2]  [Undisputed Facts 30-34].

Plaintiff never made any official attempts to communicate with the Defendant Board of Education regarding any of her concerns related to Defendant Lopez.  [Undisputed Fact 45].

Plaintiff was initially recommended for termination by Defendant Lopez at the end of the 2002-2003 school year.  Defendant Board of Education ignored this recommendation and continued its employment relationship with Plaintiff.  [Undisputed Fact. 47].

Felix Gonzalez, principal at Mesa Vista High School. was recommended for termination by Defendant Lopez at the end of the 2002-2003 school year, and his employment was subsequently terminated by Defendant Board of Education.  [Undisputed Fact 46].

On April 28, 2003, Plaintiff was informed that she would be reassigned at the end of the 2002-2003 school year, from the position of principal to the position of Elementary School Teacher.  Plaintiff accepted a position as Elementary School Teacher for the 2003-2004 school year.  Plaintiff does not recall approaching the Defendant Board of Education to communicate her displeasure with this reassignment.  [Undisputed facts 43-45].  On March 11, 2004, Plaintiff provided Defendant MVCS a letter of intent seeking continued employment for the 2004-2005 school year and was offered employment for the 2004-2005 school year.  She resigned her position prior to the start of the 2004-2005 school year voluntarily, to work for the Pojoaque Schools, because her daughter had graduated from Mesa Vista High School, and she wanted to be closer to home. [Undisputed Fact 48-52].

---

[2]Defendants' Undisputed Fact No. 33 states that Plaintiff did not report to the Board that *Plaintiff* was calling her at home.  Review of the deposition testimony cited in support of this undisputed facts reveals that this is a typing or dictation error.  See Ex. N, Deposition of DeVanna Ortega, p. 37, lines 11-13.

**Legal Standards for Motion for Summary Judgment**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party moving for summary judgment "has the initial burden to show 'that there is an absence of evidence to support the nonmoving party's case.' " *Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir.1995) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Thereafter, it is the nonmoving party's burden to "identify specific facts that show the existence of a genuine issue of material fact." *Id.* " 'The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor.' " *Id.* (*quoting Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991)). "It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir.1995). Mere assertions or conjecture as to factual disputes is not enough to survive summary judgment. *Branson v. Price River Coal Co.*, 853 F.2d 768, 771-772 (1988).

**Count I - Breach of Contract**
**Against Defendant Mesa Vista Consolidated Schools, Board of Education.**

Plaintiff's breach of contract claim against Defendant Board of Education has two predicates. First, she contends that her contract was breached by reason of her reassignment from the position of principal to the position of teacher. Second, she contends that the conduct of Defendant Lopez and negative evaluations received from Defendant Lopez breached a contractual agreement of Defendant Board of Education to provide her with a work environment free from hostility, retaliation and/or harassment.

With regard to her position as Principal, Plaintiff argues that Defendant Board of Education has shown no "need" to reassign her from her position as principal to that of teacher, therefore her employment contract to serve in the position of Principal was breached. It is undisputed that Plaintiff's contract to serve in the position of Principal applied exclusively to the 2002-2003 school year. (Undisputed Fact 42). There is no allegation or evidence that she did not serve in this position through the end of the 2002-2003 school year. As a matter of New Mexico state law there was no implied agreement to employ Plaintiff in the position of Principal after the end of the 2002-2003 school year, N.M.S.A. 1978, §22-10-11(E), recompiled at N.M.S.A. 1978 §22-10A-21(E); *Sweeney v. Deming Board of Education*, 117 N.M. 492, 493, (1994).

There is no evidence in the form of affidavit or exhibit to support a claim that there was an express or implied contract dictating the manner in which any evaluation of Plaintiff's work as principal was to be performed. Although Plaintiff refers to an employment manual, no such manual is before the court.[3] Any promise, whether written, express or implied to provide a work environment free from hostility, retaliation and/or harassment is so vague and indefinite, that it can not constitute a contract. *Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1465 (10th Cir. 1994); *Dupree v. United Parcel Serv. Inc.*, 956 F.2d 219, 222-23 (10th Cir. 1992); *Anderson v. Boeing Co.*, 222 F.R.D. 521, 550-551 (N.D. Okla. 2004).

---

[3]Plaintiff's Response brief refers to a Exhibits A, B and C. No exhibits were attached to Plaintiff's Response. Exhibit A and C are described as evidence that Defendant Lopez knew Plaintiff wanted to continue in the position of Principal. [Docket No. 44, p. 6]. Exhibit A is subsequently described as Defendant Lopez' evaluation of Plaintiff and recommendation for termination. [Docket No. 44, p. 8]. Exhibits B and C are referred to as letters of intent authored by Plaintiff dated February 25, 2003 and February 27, 2003 regarding continuing employment with MVCS. [Docket 44, p. 9-10]. As described, none of these purported exhibits refers to express or implied agreements by Defendant Board of Education to continue Plaintiff's employment as principal, nor would they include promises of specific working conditions.

Defendant Mesa Vista Consolidated Schools, Board of Education, has established that there are no genuine issues of material fact relevant to Plaintiff's claim of breach of contract, and that it is entitled to judgment as a matter of law. Defendant is therefore entitled to Summary Judgment on Count I of the Complaint.

### Count II - Breach of Implied Covenant of Good Faith and Fair Dealing against Defendant Mesa Vista Consolidated Schools Board of Education.

Plaintiff's contract of employment with the Board of Education imposed upon her and upon the Board a duty of good faith and fair dealing which required that neither do anything to injure the rights of the other to receive the benefit of their agreement. *Bourgeous v. Horizon Health Care Corp.*, 117 N.M. 434, 438-439 (1994). Plaintiff has not provided the court with a copy of her employment agreement. Accordingly, I consider only those alleged breaches of good faith and fair dealing raised in her Response to this Motion.

Plaintiff argues that the Board acted in bad faith by "issuing undeserved negative performance evaluations and by terminating her employment as a Principal without just cause and reassigning her as a teacher." The performance evaluation referred to by Plaintiff is not before the court. Plaintiff in her Complaint alleged, and Defendants admitted, that the evaluation was prepared Dr. Lopez. [Complaint ¶13, Answer ¶13]. It is undisputed that the recommendation for termination contained in the evaluation was not implemented by the Board of Education. [Undisputed fact 47].

Plaintiff's contract to serve in a teaching position covered only the 2002-2003 school year. [Undisputed Fact 42]. She served in that position to the end of the 2002-2003 school year. It is undisputed that after the 2002-2003 school year Plaintiff was reassigned to a teaching position which she held until she resigned for reasons of personal convenience. [Undisputed facts 43-44, 48-52].

There is no evidence Plaintiff ever approached the Board of Education to object to reassignment to the teaching position.   [Undisputed fact 45].

Defendant Mesa Vista Consolidated Schools, Board of Education,  has established that there are no genuine issues of material fact relevant to Plaintiff's claim of breach of the implied covenant of good faith and fair dealing, and that it is entitled to judgment as a matter of law.  Defendant is therefore entitled to Summary Judgment on Count II of the Complaint.

## Count III-Violation of Equal Protection
## Under the Fourteen Amendment Pursuant to 42 U.S.C.A §1983

Municipal liability may not be based on either a *respondeat superior* or vicarious liability theory.  *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir.1996) (*citing Monell v. Dep't of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). For Plaintiff to establish municipal liability against Defendant Board of Education,  she must show the existence of a municipal policy or custom, and a direct causal link between the policy or custom and the injury alleged.  *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir.1993) (*citing City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

Plaintiff has failed to point to any policy or custom promulgated, adopted or practiced by the Board of Education which has impacted her right to equal protection.

Plaintiff  asserts a "class of one" theory in an attempt to sustain her equal protection claim. To succeed as a "class of one,"  the Plaintiff must prove that she was "singled out for persecution due to some animosity," meaning that the actions of Defendants were a "spiteful effort to 'get' [her] for reasons wholly unrelated to any legitimate state activity." *Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir.2001) (quotation omitted).  In addition, Plaintiff must prove that she was treated

differently than those similarly situated.  *Id.*    The "class of one" theory is  applied cautiously. *Jicarillo Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1209 (10th Cir. 2006).

The plaintiff in a "class-of-one" equal protection claim  must demonstrate similarity in all material respects to those she contends were treated differently.  *Jicarilla Apache Nation*, 440 F.3d at 1212 .  As explained in *Jicarilla Apache Nation*:

> [W]hen the class consists of one person or entity, it is exceedingly difficult to demonstrate that any difference in treatment is not attributable to a quirk of the plaintiff or even to the fallibility of administrators whose inconsistency is as random as it is inevitable.  Accordingly, courts have imposed exacting burdens on plaintiffs to demonstrate similarity in class-of-one cases.  *See, e.g., Jennings,* 383 F.3d at 1214 (holding that it is 'imperative for the class-of-one plaintiff to provide a specific and detailed account of the nature of the preferred treatment of the favored class; *Nielson*, 409 F.3d at 105 (requirement a class-of-one plaintiff to show that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy");  *McDonald v. Village of Winnetka,* 371 F.3d 992, 1002 (7th Cir. 2004) )requiring that the other parties be "very similar indeed");  *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002) (insisting that a plaintiff demonstrate that the compared properties are "*prima facie* identical in all relevant respects").

 *Jicarilla Apache Nation*, 440 F.3d at 1213.

Plaintiff is exceedingly inexact in identifying those with whom she is similarly situated.   Her only argument in her Memorandum Brief is that Dr. Lopez treated her differently  than " the vast majority of employees."  Even if this statement could be accorded evidentiary value, it is inadequate to resist summary judgment.  *Jennings v. City of Stillwater*. 383 F.3d 1199, 1214 (10th Cir. 2004). There is simply  no evidence of any other person similar in all material respects to Plaintiff  who was treated differently and more preferentially than she was  treated.

Defendants  have established that there are no genuine issues of material fact relevant to Plaintiff's claim of violation of equal protection,  and that they  are entitled to judgment as a matter

9

of law.  Defendants are therefore entitled to Summary Judgment on Count III of the Complaint.

## Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED.  Judgment will be entered in favor of Defendants on all of Plaintiff's claims and Plaintiff's cause of action will be DISMISSED WITH PREJUDICE.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)